FILED
United States Court of Appeals
Tenth Circuit

April 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND M. GONZALES,

      Petitioner – Appellant,

v.

ERASMO BRAVO; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

      Respondents – Appellees.

No. 13-2215
(No. 1:11-CV-00686-MCA-SMV)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Raymond Gonzales, a state prisoner in New Mexico, filed a petition pro se under 28 U.S.C. § 2254 seeking habeas corpus relief. A jury convicted Gonzales on three counts of distributing methamphetamine, and the state court sentenced him to 12 years' imprisonment. The district court denied his habeas petition. Now Gonzales seeks a certificate of appealability ("COA") from us to undo that decision.[1] We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). To make that showing, a petitioner must demonstrate that reasonable jurists

---

[*]   This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[1]   A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A).

could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Even viewing the pleadings before us generously, Gonzales does not give us cause to debate the district court's analysis. Thus, we deny his request for a COA and dismiss this appeal.

## BACKGROUND[2]

The United States Air Force Office of Special Investigations ("OSI") began an investigation based on reports that airmen were obtaining narcotics from a local business called Solar Shield. OSI Agent Jason McMackin used a confidential informant, Airman Dustin Maples, to buy methamphetamine from Gonzales. Because he had a part-time job at Solar Shield, Airman Maples was an ideal person to use in the operation. Gonzales's uncle, who worked at Solar Shield, arranged the meetings where Maples could buy methamphetamine from Gonzales. These transactions were monitored by Agent McMackin and other OSI agents. After these controlled buys, Airman Maples would then turn over the methamphetamine to Agent McMackin. Terrence Mulligan, a Senior Investigator with the New Mexico 9th Judicial District Attorney's Office, assisted Agent McMackin in preparing a criminal complaint and arrest warrant to initiate proceedings in the New Mexico court system against Gonzales. But Investigator Mulligan did not testify at trial. The District Attorney's case officer at trial was Agent McMackin. A jury found

---

[2] The information in this background section is taken from the magistrate judge's proposed findings and recommended disposition.

Gonzales guilty on three drug-trafficking charges. The court sentenced Gonzales as a habitual offender to 12 years' imprisonment with three years suspended.

Before and at the close of the prosecution's case, Gonzales submitted a motion to dismiss, alleging a violation of the Posse Comitatus Act ("PCA"). The PCA, a Reconstruction Era statute, states that "[w]hoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 1385. Gonzales argued that the Air Force violated the PCA by investigating him as a civilian. The trial court denied the motion. Gonzales raised the PCA issue again on direct appeal, and the New Mexico Court of Appeals affirmed the conviction, after concluding that the proper remedy for a violation of the PCA did not include suppression of evidence. The New Mexico Supreme Court denied Gonzales's petition for writ of certiorari. He then filed a pro se petition for writ of habeas corpus in state court, which was denied, as was his subsequent petition for writ of certiorari to the New Mexico Supreme Court.

In his § 2254 petition to the federal district court, Gonzales raised five grounds for relief:

1. Trial counsel was unconstitutionally ineffective by failing to properly investigate Drug Enforcement Administration ("DEA") agents whose testimony would have shown a violation of the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385.

2. The prosecution violated Petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that no officer from the Clovis Police Department was involved in the underlying criminal investigation, which would have shown that the criminal investigation was carried out in violation of the PCA.

3. The trial judge was biased against him in violation of his due process rights because he denied Petitioner's motion to dismiss based on violation of the Posse Comitatus Act, and then "made attempts to force" Petitioner into a plea deal. However, when Petitioner refused the plea deal, the trial judge responded by "[feeling] slight disrespect[]" and allegedly denied him a fair trial.

4. Trial counsel, the trial judge, and the prosecutor acted in concert to prevent Petitioner from confronting Air Force personnel in violation of his rights under the Confrontation Clause of the United States Constitution.

5. An Air Force investigator conducted a search without a probable cause determination from a neutral magistrate, in violation of Petitioner's protections against unreasonable searches and seizures as guaranteed in the Fourth Amendment to the United States Constitution.

The district court referred the matter to Magistrate Judge Stephan Vidmar, who found that claims two and three had not been exhausted in state court. Before the district court adopted that finding, Gonzales filed a motion to amend his § 2254 petition. In effect, the amended petition omitted claim three and altered claim two so that it directly asserted that the underlying conviction was obtained in violation of the PCA. On June 3, 2013, the district court granted Gonzales's motion to amend his § 2254 petition, and found that, as amended, claim two had been properly exhausted.

Four months later, Magistrate Vidmar issued his report on the remaining claims, which recommended denying relief on all grounds. As for Gonzales's claim that his conviction was obtained in violation of the PCA, Judge Vidmar found that habeas relief would be inappropriate because the remedy for violations of the PCA is a fine and jail time, not suppression of the evidence.[3] He noted that New Mexico recognizes an exception under which suppression may be warranted where there are widespread and repeated violations of the PCA, but he said Gonzales had failed to show that the Supreme Court had recognized such an exception. Gonzales objected to the magistrate's report by arguing that he had shown widespread and repeated violations of the PCA by the Air Force and by asserting that his attorney was ineffective for failing to raise this issue at trial. The district court adopted Judge Vidmar's recommendation over Gonzales's objections. In his combined opening brief and application for a COA, Gonzales raises four issues.

1. The district court erred in failing to recognize the PCA violations.

2. The district court erred in failing to grant an evidentiary hearing regarding the PCA violations.

3. The district court erred in forcing Gonzales "to dismiss claims two and three and not recognizing the 'Brady violations.'"

---

[3] The Sixth Circuit has noted that "every federal court to have considered the issue has held that suppression is not an appropriate remedy for a violation of the Act." *Gilbert v. United States*, 165 F.3d 470, 474 n. 2 (6th Cir. 1999) (citing *United States v. Al–Talib*, 55 F.3d 923, 930 (4th Cir. 1993); *Hayes v. Hawes*, 921 F.2d 100, 103 (7th Cir. 1990); *United States v. Hartley*, 796 F.2d 112, 115 (5th Cir. 1986)).

4. The district court erred in denying Gonzales's ineffective assistance of counsel claim. Particularly, Gonzales claims his counsel was ineffective because he did not call for a mistrial when the prosecution amended the charges during trial, he did not prepare a proper defense based on the PCA violations, and he failed to object to the chain of custody of evidence presented at trial.

## DISCUSSION

### 1. The PCA Claim and Evidentiary Hearing

Gonzales argues that the district court erred in failing to recognize the alleged PCA violations committed against him. His underlying claim is that New Mexico obtained his conviction in violation of the PCA because an Air Force investigator conducted a criminal investigation of a civilian. The district court said that his claim is not cognizable under § 2254 because the proper remedy violations of the PCA is a fine and jail time, not suppression of evidence. It acknowledged that New Mexico's state exclusionary rule applies when there are widespread and repeated violations of the PCA, but contrasted that by noting that neither the Tenth Circuit nor the Supreme Court has recognized such a rule.[4] Thus, it concluded that even had the petitioner shown widespread and repeated violations of the PCA, his claim would still have failed because the district court could not say that New Mexico's decision not to apply an exclusionary rule was an unreasonable application of clearly established federal law.

---

[4] *See United States v. Hutchings*, 127 F.3d 1255, 1259 (10th Cir. 1997) ("[W]e need not reach the question of whether exclusion of evidence is an appropriate remedy when federal military personnel collect evidence in violation of the PCA.").

In his request for a COA, Gonzales suggests he has "present[ed] federal violations" because "any laws pertaining to military conduct would be federal." Appellant's Combined Opening Brief and Application for a Certificate of Appealability 8, Jan 13, 2014, CM/ECF No. 10140243. This does not meaningfully address the district court's reasoning, which can only be rebutted by providing Supreme Court or Tenth Circuit precedent applying the exclusionary rule for violations of the PCA. As Gonzales has failed to "demonstrate that reasonable jurists could debate" the district court's decision, we deny his COA request on this issue.

Gonzales also claims the district court erred in not granting an evidentiary hearing on this claim. Because the claim is not cognizable under § 2254, no set of facts would aid our adjudication, and thus the district court properly denied an evidentiary hearing.

## 2. The Unexhausted Claims

Gonzales asserts that the district court erred in forcing him "to dismiss claims two and three and not recognizing the 'Brady violations.'" *Id.* at 9. Magistrate Vidmar found that claim two, which alleged a *Brady* violation, and claim three were not exhausted in state court. Gonzales initially objected to the magistrate's findings, but then filed a motion to amend his § 2254 petition. The motion sought to remove claims two and three from the § 2254 petition. But it also stated that his underlying conviction was obtained as a result of a violation of the PCA. Finally, the motion requested that "the Brady rule be applied to claim one." R. vo1. 1, at 340.

The district court liberally construed Gonzales's pro se motion. It allowed him to remove claim three and it found that, in effect, Gonzales sought to alter claim two so as to

remove the unexhausted *Brady* claim and instead directly assert a violation of the PCA. The court found that, as amended, claim two had been properly exhausted. The court did not permit Gonzales to graft his *Brady* claim onto claim one. It said, "[T]he *Brady* rule claim is entirely separate and distinct from the ineffective-assistance-of-counsel claim set forth in the original Claim One, such that the purported amendment would constitute an improper successive petition." R. vo1. 1, at 384.

Under 28 U.S.C. § 2254, a petitioner must exhaust all available avenues of state-court remedies before a federal court may review those claims on their merits. 28 U.S.C. § 2254(b)(1)(A). The magistrate concluded that Gonzales had not argued key portions of claims two and three in the New Mexico Supreme Court. In particular, he had not alleged a *Brady* violation and he had not argued that the state trial court violated his due process rights. Gonzales gives us no reason to debate this analysis. Thus, we deny his COA request on this issue.

### 3. The Ineffective Assistance Claim

In his § 2254 petition, Gonzales argued that his counsel was ineffective for failing to investigate DEA agents who would have verified that the PCA had been violated.[5] In his COA request, he attempts to attach a string of other alleged deficiencies. Because we do not consider issues raised for the first time on appeal, we will only consider the originally

---

[5] The district court determined that Gonzales's "central objection" to the magistrate's recommendation was based on the PCA violation. R. vo1. 1, at 495. But we note that Gonzales did obliquely raise an ineffective assistance claim in his objection. In two sentences, Gonzales argued that his trial counsel was ineffective for failing to contest the evidence obtained in violation of the PCA.

alleged deficiency. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (declining to consider additional ineffective assistance of counsel claims that habeas petitioner did not present to district court). On that point, we agree with Magistrate Vidmar, who found that, even assuming deficient performance, Gonzales failed to show prejudice[6] because the exclusionary rule does not apply to violations of the PCA. Thus, we deny Gonzales's COA request on this issue.

## CONCLUSION

Based on the foregoing, we deny a certificate of appealability and dismiss this appeal. Appellant's motion for appointment of counsel is denied.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

---

[6] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (a petitioner must show that counsel's deficiency "prejudiced the defense").